IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| **ULTIMATE TOYS, INC.** | : | Case No. |
| | : | |
| | : | Judge _____ |
| **Plaintiff,** | : | |
| | : | Magistrate Judge _____ |
| v. | : | |
| | : | |
| **SLS HOUSTON, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Ultimate Toys, Inc. ("Plaintiff"), by and through the undersigned counsel, for its Complaint and Jury Demand against Defendant SLS Houston, Inc. ("Defendant"), states as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. Plaintiff is a corporation organized under the laws of the State of Ohio, with its principal place of business in the State of Ohio. Plaintiff is in the business of selling custom built luxury sprinter vans nationwide.

2. Defendant is a corporation organized under the laws of the State of Texas, with its principal place of business in the State of Texas. Defendant is in the business of selling luxury sprinter vans nationwide doing business under the trade name Southern Luxury Sales.

3. This Court has subject matter jurisdiction over this matter on federal question and diversity of citizenship grounds, under 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in this judicial district and has caused harm to Plaintiff within this judicial district.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) and 28 U.S.C. § 1400 because Defendant is subject to personal jurisdiction in this judicial district and a substantial amount of the events giving rise to Plaintiff's claims occurred within this judicial district.

## FACTUAL BACKGROUND

6. Plaintiff and Defendant are competitors in the business of selling luxury sprinter vans.

7. Plaintiff opened its business in 2017.

8. To aid in its marketing and sales of luxury sprinter vans, Plaintiff maintains the website www.ultimatetoys.com

9. Plaintiff hired professional photographers and designers to create the images and displays on its website.

10. Plaintiff is the copyright owner of the images and photographs on its website.

11. Plaintiff filed a trademark application for ULTIMATE TOYS® (the "Mark") In 2020. The Mark was officially registered with the Untied States Patent and Trademark Office in 2021, under registration number 6326970.

12. The registration, in addition to Plaintiff's long-standing use and control of the Mark, provides Plaintiff with the exclusive right to use the Mark in connection with automobile dealerships.

13. Defendant incorporated its business in 2019 and began selling luxury sprinter vans in 2021.

14. Defendant maintains the website www.southernluxurysales.com.

15. Defendant's website is similar to Plaintiff's website in many respects.

16. In order to build its website, Defendant stole images and photographs from Plaintiff's website and republished them on Defendant's website.

17. In February 2024, Plaintiff learned from a customer that Defendant was marketing itself as "SLS TOYS" on its website. The customer asked Plaintiff whether Plaintiff and Defendant were the same company or if they were affiliated with each other.

18. Defendant's use of the phrase "SLS TOYS", along with Plaintiff's images, was intended to, and did, cause confusion in the marketplace.

19. The misappropriation of Plaintiff's images and Mark displayed on Defendant's website misdirects internet traffic to Defendant's website to the detriment of Plaintiff.

20. Defendant markets its vehicles to consumers in Ohio and intentionally uses Plaintiff's trademarked and copyrighted materials to mislead Plaintiff's potential customers.

21. On April 25, 2024, Plaintiff's counsel sent a letter to Defendant demanding that Defendant cease and desist from using the phrase "SLS TOYS" and the photographs and images stolen from Plaintiff's website.

22. Defendant has failed to respond and/or refused to comply with Plaintiff's demands.

23. Over the last six months, Plaintiff has suffered a decline in revenue as a direct and proximate result of Defendant's unlawful use of Plaintiff's trademarked and copyrighted materials.

24. Upon information and belief, in that same time, Defendant has experienced a growth in sales as result of its unlawful use of Plaintiff's trademarked and copyrighted materials.

25. Defendant's actions have caused confusion in the industry amongst manufacturers and buyers of luxury sprinter vans as to the nature of the relationship between Plaintiff and Defendant.

26. Such confusion has harmed Plaintiff while benefitting Defendant.

27. Defendant's use of the phrase "SLS TOYS," theft of images from Plaintiff's website, direction to its customers to compare Defendant's vehicles to Plaintiff's, and its refusal to respond

and/or comply with the cease and desist letter, all demonstrate Defendant maliciously, intentionally, and willfully violated Plaintiff's rights.

## CAUSES OF ACTION

### Count I
### Unfair Competition
### Ohio Deceptive Trade Practice Act – R.C. § 4165.02, *et seq.*

28. Plaintiff restates and reincorporates the previous allegations as if fully restated here.

29. Defendant's use of the phrase "SLS TOYS" and publication of Plaintiff's copyrighted images constitute deceptive trade practices under Ohio Revised Code §4165.02 in that such use:

   a. causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of good or services;

   b. causes likelihood of confusion or misunderstanding as to affiliation, connection, or associating with, or certification by, another;

   c. uses deceptive representation or designations of geographic origin in connection with goods or services.

   d. Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have; and,

   e. Represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

30. Defendant's acts have caused and will cause Plaintiff to suffer damage to its business, reputation, and goodwill and the loss of sales and/or profits Plaintiff would have made but for Defendant's acts.

4

31. Defendant's infringement and false designation of Plaintiff's products as its own is malicious, fraudulent, willful, and deliberate, such that Plaintiff is entitled to an award of attorneys' fees under 11 U.S.C. § 1117(a).

## Count II
### Federal Trademark Infringement

32. Plaintiff restates and reincorporates the previous allegations as if fully restated here.

33. Defendant's use of a confusingly similar imitation of Plaintiff's Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's sprinter vans are manufactured or distributed by Plaintiff, or are associated or connected with Plaintiff, or have the sponsorship, enforcement, or approval of Plaintiff.

34. Defendant's infringing phrase is confusingly similar to Plaintiff's federally registered marks in violation of 15 U.S.C. § 1114. Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the industry and public, and, additionally, injury to Plaintiff's goodwill and reputation for which Plaintiff has no adequate remedy at law.

35. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's business.

36. Defendant caused and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## Count III
### Copyright Infringement

37. Plaintiff restates and reincorporates the previous allegations as if fully restated here.

38. Plaintiff is the owner of the photographs and images displayed on its website.

39. Defendant's use of Plaintiff's photographs and images on its own website constitutes willful copyright infringement under the Copyright Act.

40. As a result of the above-described conduct by Defendant, Plaintiff has been damaged in amount exceeding $75,000.00, to be proven at trial.

41. By reason of the copyright infringement described above, Plaintiff is entitled to recover Defendant's profits.

42. In the alternative, Plaintiff is entitled to recover from Defendant statutory damages up to $150,000.00 per copyright infringed for Defendant's willful copyright infringement, plus reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an order enjoining Defendant from:
    a. Using the phrase "SLS TOYS" or any other phrase confusingly similar thereto;
    b. Copying, using, or displaying Plaintiff's photographs, images, and/or copyrighted materials on Defendant's website or in any other fashion;
2. For compensatory damages against Defendant in an amount exceeding $75,000.00, to be proven at trial;
3. For punitive damages against Defendant for its malicious, intentional, and willful violations of Plaintiff's rights;
4. For an award of Plaintiff's reasonable attorneys' fees;
5. For an award of Plaintiff's costs; and,
6. All other relief this Court deems just, equitable, and proper.

6

Respectfully submitted,

*/s/ Bradley M. Gibson*

Bradley M. Gibson (0087109)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6661
(513) 943-6669 (fax)
Brad@FinneyLawFirm.com
*Attorney for Plaintiff*